| | |
|---|---|
| **DeNITTIS OSEFCHEN PRINCE, P.C.** | **HYDE AND SWIGART** |
| Ross H. Schmierer, Esq. (RS7215) | Joshua B. Swigart, Esq. |
| 525 Route 73 North, Suite 410 | Yana Hart, Esq. |
| Marlton, New Jersey 08053 | 2221 Camino Del Rio South, Suite 101 |
| (856) 797-9951 | San Diego, CA 92108 |
| rschmierer@denittislaw.com | (619) 233-7770 |
| | josh@westcoastlitigation.com |
| | yana@westcoastlitigation.com |
| | (*Pro Hac Vice Applications Forthcoming*) |

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA DELUCA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARECENTRIX, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are: (i) plaintiff ROSA DELUCA (hereinafter referred to as "Plaintiff"), an individual residing at 6515 Delilah Road, Lot No. 2044, Egg Harbor Township, New Jersey 08234; and (ii) defendant, CARECENTRIX, INC. (herein referred to as "Defendant"), a corporation located at 3 Huntington Quadrangle, Suite 200S, Melville, New York 11747.

## INTRODUCTION

2. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephones, in

1

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon information and belief, including investigation conducted by Plaintiff's attorneys.

3. The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub.L. No. 102-243, § 11.  Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. At §§ 12-13.  *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered –

2

and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of Atlantic County, in the State of New Jersey, who received the telephone calls which are the subject of this Complaint.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated in the State of Connecticut and a "person," as defined by 47 U.S.C. § 153 (39), with branches and offices nationwide.

9. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant conducted business in the State of New Jersey, and within this Judicial District.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 47 U.S.C §227(b) because Plaintiff alleges violations of federal law. *Mims*, 132 S. Ct. at 740 (2012)

11. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in the City of Egg Harbor Township, New Jersey, in Atlantic County and the events giving rise to Plaintiff's causes of action against Defendant occurred within this District.

## FACTUAL ALLEGATIONS

12. Upon information and belief, Plaintiff asserts the following Factual Allegations, which in addition to other facts, support Plaintiff's causes of action set out herein.

13. Sometime prior to April 1, 2016, Plaintiff was assigned, and became the owner of, a cellular telephone number from her wireless provider, with a number ending in "1651."

14. Beginning in or around April 2016, Defendant called Plaintiff on her cellular telephone number ending in "1651" using an automatic dialing and/or predictive dialer system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Defendant called Plaintiff from telephone number: "(800) 650-2951."

16. At no time did Plaintiff have a business relationship with Defendant.

17. In addition, at no time did Plaintiff consent for Defendant to place telephone calls on Plaintiff's cellular telephone.

18. Notwithstanding the fact that Plaintiff never entered into a business relationship with Defendant nor consented to receive calls from Defendant, Plaintiff received the following *non-exclusive list* of calls from Defendant:

- On or about April 4, 2016, Plaintiff received a call from Defendant at or around 4:19 p.m.
- On or about April 15, 2016, Plaintiff received a call from Defendant at or around 9:40 p.m.
- On or about May 12, 2016 Plaintiff received a call from Defendant at or around 4:15 p.m.
- On or about May 20, 2016, Plaintiff received a call from Defendant at or around 2:51 p.m.

19. Tired of the persistent and unsolicited calls, in or around late 2016, Plaintiff asked Defendant to "stop calling," thereby revoking any type of prior express consent, if any prior express consent ever existed to call her cellular telephone number.

20. The calls by Defendant to Plaintiff's cellular phone continued, despite Plaintiff's oral revocation at said time.

21. Specifically, upon information and belief, Defendant called Plaintiff two times per day – every other day after Plaintiff revoked consent to receive calls from Defendant.

22. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

24. The telephone number Defendant called was assigned to a cellular telephone

service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25. As already mentioned, Plaintiff at no time provided "prior express consent," written or otherwise, for Defendant to place telephone calls to Plaintiff's cellular telephone with an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

26. Plaintiff had not provided her cellular telephone number to Defendant. Plaintiff was not a customer of Defendant. Plaintiff had no "established business relationship" with Defendant, as defined by 47 U.S.C. § 227 (a)(2).

27. These telephone calls made by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## STANDING

28. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state (1) a valid injury in fact; (2) which is traceable to the conduct of Defendant; and (3) is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016) at 6, and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

29. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The Injury In Fact Prong*

30. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

31. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In the present case, Plaintiff was called on her cellular phone by Defendant, who utilized an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

32. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016) at *7.* In the instant

5

case, it was Plaintiff's phone that was called. It was Plaintiff's privacy and peace that was invaded by Defendant's repeated and continuous call, that was delivered using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on her cellular telephone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### *The "Traceable to the Conduct of Defendant" Prong*

33. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that her injuries are traceable to the conduct of Defendant.

34. In the instant case, this prong is met simply by the fact that the calls were made by Defendant's agent at the direction of Defendant.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

35. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

36. In the present case, Plaintiff's "Prayer for Relief" includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

37. Furthermore, Plaintiff's "Prayer for Relief" request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

38. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

### **CLASS ACTION ALLEGATIONS**

39. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

40. Plaintiff represents, and is a member of, the Class, consisting of: "All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one telephone call using an ATDS from Defendant, or their agents calling on behalf of Defendant, between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing, to non-customers of Defendant, at the time of the calls."

41. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or its agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class

predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS to any telephone number assigned to a cellular telephone service;

    b. Whether Defendant called non-customers of Defendant for marketing purposes;

    c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

46. As a person who received calls from Defendant in which Defendant used an ATDS, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and New Jersey law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

present significantly fewer difficulties than those that would be presented in numerous individual claims.

50. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST COUNT
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitutes multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to

$1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DeLuca, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff DeLuca as the representative of the Classes and appointing her attorneys as Class Counsel;

b) An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Classes;

g) An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

h) An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 23, 2018

           **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:    s/Ross H. Schmierer
Ross H. Schmierer, Esq. (RS7215)
525 Route 73 North, Suite 410
Marlton, NJ 08053
Tel: (856) 797-9951
Facsimile: (856) 797-9978
rschmierer@denittislaw.com

**HYDE AND SWIGART**
Joshua B. Swigart, Esq.
Yana Hart, Esq.
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Tel: (619) 233-7770
Facsimile: (619) 297-1022
josh@westcoastlitigation.com
yana@westcoastlitigation.com
*Pro Hac Vice Applications Forthcoming*

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq.
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Tel: (800) 400-6808
Facsimile: (800) 520-5523
ak@kazlg.com
*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiff and the Putative Classes*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: March 23, 2018  **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:   *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
Stephen P. DeNittis, Esq.
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(T): (856) 797-9951
rschmierer@denittislaw.com

*Attorneys for Plaintiff*